IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENESIS BIOSYSTEMS, INC. | § | |
|     Plaintiff, | § | Civil Action No._____ |
| | § | |
| v. | § | |
| | § | |
| SHIPPERT ENTERPRISES, LTD. d/b/a | § | |
| SHIPPERT MEDICAL | § | |
| TECHNOLOGIES, INC., | § | |
| DR. RONALD SHIPPERT d/b/a | § | |
| SHIPPERT MEDICAL TECHNOLOGIES | § | |
| CORPORATION, and | § | |
| SOUND SURGICAL | § | |
| TECHNOLOGIES, LLC. | § | |
|     Defendants. | § | JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. INTRODUCTION

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Plaintiff, GENESIS BIOSYSTEMS, INC ("Genesis") for its original Complaint against Defendants SHIPPERT ENTERPRISES, LTD. d/b/a SHIPPERT MEDICAL TECHNOLOGIES, INC. and DR. RONALD SHIPPERT d/b/a SHIPPERT MEDICAL TECHNOLOGIES CORPORATION (collectively, "Shippert") and SOUND SURGICAL TECHNOLOGIES, LLC ("Sound Surgical") alleges as follows:

### II. THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1500 Eagle Court, Lewisville, Texas 75057.

2. On information and belief, Defendant Shippert Enterprises, Ltd. d/b/a Shippert Medical Technologies, Inc. is a corporation organized and existing under the laws of the State of

PLAINTIFF'S ORIGINAL COMPLAINT - PAGE - 1

Colorado, with its principal place of business at 6248 South Troy Circle, Unit A, Centennial, Colorado 80111, and with its registered office address at 6248 South Troy Circle, Unit A, Centennial, Colorado 80111 and its resident agent, Ronald Shippert, located at such registered office. Defendant Shippert Enterprises, Ltd. d/b/a Shippert Medical Technologies, Inc. has conducted business in the State of Texas but has not registered as a foreign entity authorized to do business in the State of Texas.

3. Defendant Dr. Ronald Shippert d/b/a Shippert Medical Technologies Corporation is an individual resident of the State of Colorado, with his principal place of business at 6248 South Troy Circle, Unit A, Centennial, Colorado 80111. Defendant Dr. Ronald Shippert d/b/a Shippert Medical Technologies Corporation has conducted business in the State of Texas.

4. On information and belief, Defendant Sound Surgical Technologies, LLC is a limited liability company organized and existing under the laws of the State of Colorado, with its principal place of business at 357 S. McCaslin Boulevard, Suite 100, Louisville, Colorado 80027, and with its registered office address at 357 S. McCaslin Boulevard, Suite 100, Louisville, Colorado 80027 and its resident agent representative, Douglas Foote, located at such registered office. Defendant Sound Surgical has conducted business in the State of Texas but has not registered as a foreign entity authorized to do business in the State of Texas.

### III. JURISDICTION AND VENUE

5. This civil action for patent infringement arises under the Patent Laws of the United States, including Title 35, United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents) and 28 U.S.C. § 1331 (federal question).

6.  This Court has supplemental jurisdiction over all other claims that are related to the patent claim pursuant to 28 U.S.C. § 1367(a).

7.  Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

8.  Defendants are subject to personal jurisdiction in this district.

## IV.  FACTS APPLICABLE TO ALL COUNTS

9.  On September 15, 2009, United States Patent Number 7,588,732, entitled "Autologus Tissue Harvesting and Irrigation Device" (hereinafter "the '732 Patent"), was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '732 Patent is attached hereto as Exhibit "A".

10. By assignment, Genesis is the owner of all rights, title and interest in and to the '732 Patent, including all rights to recover for any and all past infringement thereof.

11. On information and belief, Defendants have actual knowledge of the '732 Patent, and have had knowledge of the pending application that resulted in the '732 Patent since at least prior to the time Defendants started selling infringing products in the United States.

12. Defendants have engaged in and currently engage in the manufacture, exporting, distribution, offer for sale and/or sale of certain liposuction devices; specifically, fat harvesting and irrigating, washing, filtering and transferring devices, including, but not limited to, fat harvesting, irrigating and transferring products and supplies marketed under the name Tissu-Trans, hereafter referred to as "Tissu-Trans Products".

13. Defendants have sold Tissu-Trans Products to Defendants' customers and other third parties, who then use or resell Tissu-Trans Products.

14. Defendants have engaged in commercial advertising and promotion of Tissu-Trans Products on, but not limited to, the website http://www.shippertmedical.com and http://www.vaser.com. True and correct printouts from the Defendants' websites are attached hereto as Exhibit "B".

15. On information and belief, Defendants had actual knowledge of United States Patent Application publication number 2006/0093527, now issued as the '732 Patent.

## V. CAUSES OF ACTION

### COUNT ONE
### (Infringement of the '732 Patent)

16. Genesis realleges each and every allegation set forth in paragraphs 1 through 15 above, and incorporates them herein.

17. Defendants have infringed and continue to infringe one or more claims of the '732 Patent by its manufacture, use, offer for sale and/or sale of the Defendants' Tissu-Trans Products.

18. Defendants' infringement of the '732 Patent has been and continues to be willful, wanton and deliberate with full knowledge and awareness of Genesis' patent rights and without authorization, permission or license from Genesis.

19. Genesis has suffered and continues to suffer substantial injury, resulting in damages to Genesis, including loss of sales and profits, which Genesis would have made but for the infringing activities by Defendants.

20. Moreover, Genesis has suffered and will continue to suffer irreparable injury unless Defendants are enjoined by this Court.

## COUNT TWO
### (Inducing Infringement of the '732 Patent)

21. Genesis realleges each and every allegation set forth in paragraphs 1 through 20 above, and incorporates them herein.

22. On information and belief, Defendants actively promote and sell Tissu-Trans Products and have sold Tissu-Trans Products to Defendants' customers and other third parties.

23. On information and belief, Defendants' customers have directly infringed one or more claims of the '732 Patent by using or reselling Tissu-Trans Products.

24. On information and belief, Defendants have actively induced and currently are actively inducing Defendants' customers and other third parties to infringe one or more claims of the '732 Patent.

25. Defendants' acts of inducing infringement of the '732 Patent have been and will continue to be willful, wanton and deliberate with full knowledge and awareness of Genesis' patent rights and without authorization, permission or license from Genesis.

26. Genesis has suffered and continues to suffer substantial injury, resulting in damages to Genesis, including loss of sales and profits, which Genesis would have made but for the infringing activities by Defendants.

27. Genesis has suffered and will continue to suffer irreparable injury unless Defendants are enjoined by this Court.

## COUNT THREE
### (Contributory Infringement of the '732 Patent)

28. Genesis realleges each and every allegation set forth in paragraphs 1 through 27 above, and incorporates them herein.

29. On information and belief, Defendants' customers have directly infringed one or more claims of the '732 Patent by using or reselling Tissu-Trans Products.

30. On information and belief, Defendants have actively contributed and currently are actively contributing to the infringement of one or more claims of the '732 Patent by the Defendants' customers.

31. Defendants' acts of contributory infringement of the '732 Patent have been and will continue to be willful, wanton and deliberate with full knowledge and awareness of Genesis' patent rights and without authorization, permission or license from Genesis.

32. Genesis has suffered and continues to suffer substantial injury, resulting in damages to Genesis, including loss of sales and profits, which Genesis would have made but for the infringing activities by Defendants.

33. Genesis has suffered and will continue to suffer irreparable injury unless Defendants are enjoined by this Court.

## COUNT FOUR
### (Tortious Interference with Prospective Relations)

34. Genesis realleges each and every allegation set forth in paragraph 1 through 33 above, and incorporates them herein.

35. There was a reasonable probability that Genesis would have entered into a business relationship with one or more consumers, resellers or other third parties.

36. Defendants intentionally interfered with these prospective relationships and were the proximate cause of injury to Genesis. Defendants' actions have also injured the business reputation of Genesis and constitute tortious interference with prospective relations.

37. Defendants' conduct was independently tortious or unlawful.

38. As a result, Genesis has suffered actual damages in the form of lost sales and profits.

39. Genesis is also entitled to recover exemplary damages as a result of Defendants' actions.

40. Genesis is entitled to recover prejudgment and postjudgment interest connected to its actual damages, and is entitled to recover court costs associated with the prosecution of this action, all as a result of Defendants' actions.

## COUNT FIVE
### (Tortious Interference with Existing Contract)

41. Genesis realleges each and every allegation set forth in paragraph 1 through 40 above, and incorporates them herein.

42. Genesis is a party to one or more valid contracts with customers, resellers and other third parties.

43. Defendants have willfully and intentionally interfered with these contracts and were the proximate cause of injury to Genesis. Defendants' actions have injured the business reputation of Genesis, have caused Genesis to suffer actual damages, and constitute tortious interference with existing contracts.

44. Genesis has suffered and continues to suffer substantial injury, resulting in damages to Genesis, including loss of sales and profits, which Genesis would have made but for the wrongful activities by Defendants.

45. Genesis is entitled to recover exemplary damages as a result of Defendants' actions.

46. Genesis is entitled to recover prejudgment and postjudgment interest connected to its actual damages, and is entitled to recover court costs associated with the prosecution of this action, all as a result of Defendants' actions.

## VI. ATTORNEY FEES

47. Genesis realleges each and every allegation set forth in paragraphs 1 through 46 above, and incorporates them herein.

48. This is an exceptional case and, as such, Genesis is entitled to an award of reasonable attorney fees and costs under 35 U.S.C. § 285.

## VII. PRAYER

WHEREFORE, Genesis prays as follows:

a. That a judgment be entered that Defendants have infringed, actively induced others to infringe, and/or contributorily infringed United States Patent No. 7,588,732.

b. That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing United States Patent No. 7,588,732.

c. That a judgment be entered that Defendants be required to pay over to Genesis all damages sustained by Genesis due to such patent infringement.

d.   That such damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement and pursuant to 15 U.S.C. § 1117 complained of herein.

e.   That this case be adjudged and decreed exceptional under the 35 U.S.C. § 285 entitling Genesis to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded.

f.   That Genesis be awarded its costs, prejudgment and post judgment interest on all damages.

g.   That Defendants be required to file with the Court within thirty (30) days after entry of final judgment of this cause a written statement under oath setting forth the manner in which Defendants have complied with the final judgment.

h.   That Genesis be awarded such other and further relief as the Court deems just and equitable, both at law and in equity.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rules of Civil Procedure 38 as to all issues triable of right to a jury.

DATED: September 25, 2009

        Respectfully submitted,

        Chalker Flores, LLP

By: _[signature]_
        Scott A. Meyer
        Texas State Bar No. 24013162
        Chainey P. Singleton
        Texas State Bar No. 24041920
        Thomas G. Jacks
        Texas State Bar No. 24067681

        Chalker Flores, LLP
        2711 LBJ Frwy, Suite 1036
        Dallas, Texas 75234
        (214) 866-0001
        (214) 866-0010 (Fax)

        **ATTORNEYS FOR PLAINTIFF**